ARTURO M. CISNEROS, #120494
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive
Irvine, California 92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, Thomas H. Casey*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>GIANG THANH DONG and MARY TRAN NGUYEN,<br><br>Debtors.<br>———————————————<br>THOMAS H. CASEY, solely in his capacity as the chapter 7 trustee for the bankruptcy estate of Giang Thanh Dong and Mary Tran Nguyen,<br><br>Plaintiff,<br><br>v.<br><br>JOANN TEMPLE, an individual,<br><br>Defendant. | Case No. 8:23-bk-10014-SC<br><br>Chapter 7<br><br>Adversary No.<br><br>**COMPLAINT:**<br><br>**(1)  TURNOVER;**<br>**(2)  BREACH OF CONTRACT; AND**<br>**(3)  UNJUST ENRICHMENT** |

Plaintiff Thomas H. Casey, solely in his capacity as Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Giang Dong and Mary Nguyen ("Debtors"), hereby alleges as follows:

Complaint                                                                 1

**STATEMENT OF JURISDICTION AND VENUE**

1.  Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to a case under Title 11 of the United States Code that is pending in this District: *In re Giang Dong and Mary Nguyen,* United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Bankruptcy Court") case number 8:23-bk-10014-SC ("Bankruptcy Case").

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(b)(2)(A), (E), (K) and (O), and 1334 and 11 U.S.C. §§ 323 and 542.

3.  This adversary proceeding is brought pursuant to Rule 7001, *et seq*. of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 542.

4.  This is a "core" proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (E), (K), and (O).

5.  Pursuant to Local Bankruptcy Rule 7008-1, Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

**PARTIES TO THE ACTION**

6.  On January 5, 2023 ("Petition Date"), Debtors commenced the Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

7.  On January 5, 2023, Debtors filed their sworn Schedules.

8.  In Debtors' sworn Schedule A/B, they identify their ownership of the real property commonly known as 226A 38th Street, Los Alamos, New Mexico 87544, which they value at $215,000 ("Property").

9.  On January 5, 2023, Trustee was appointed as Chapter 7 Trustee of Debtors' bankruptcy estate ("Estate"), a position in which he continues to serve.

10. Trustee is informed and believes, and on that basis alleges, that Joann Temple ("Defendant") is an individual, who at all relevant times herein, is and was a resident of Los Alamos County, New Mexico, and resides in the Property.

///

///

///

**STATEMENT OF STANDING**

11. Trustee, as trustee of Debtors' Bankruptcy Estate, has standing to bring this action pursuant to 11 U.S.C. §§ 323 and 542.

**GENERAL ALLEGATIONS**

12. Trustee is informed, believes, and thereon alleges that Defendant resides in the Property and has resided at the Property at all relevant times since the Petition Date.

13. Trustee is informed, believes, and thereon alleges that Defendant and Debtors entered into a Rental Agreement, which provided that Defendant would pay Debtors $2,200 per month in rent in exchange for possession of the Property between November 8, 2022 and June 30, 2023 ("Rental Agreement").

14. The Rental Agreement further provided that if Defendant remained in possession of the Property after June 30, 2023, a new tenancy from month-to-month would be created between Defendant and Debtors on the same terms and conditions of the Rental Agreement.

15. On March 3, 2023, Trustee circulated a letter to Defendant via electronic mail and USPS wherein he directed Defendant to make the monthly rent payments required by the Rental Agreement to Trustee.

16. On August 24, 2023, Trustee circulated a second letter to Defendant via personal delivery wherein he informed Defendant that he was employing Paula Glover of New Mexico Real Estate Group as his real estate agent to market and sell the Property and directed Defendant to cooperate with Ms. Glover in connection with her marketing of the Property.

17. Defendant has failed to tender the July, September, and October, 2023 monthly rent payments for a total default of $5,800.

18. Despite Trustee's demands on Defendant to pay the amount in default, Defendant has failed to cure the default and has otherwise failed to respond to Trustee's demands.

19. The Rental Agreement provides that if Defendant defaults by failing to tender the payments required by the Rental Agreement, Debtors may terminate the Lease and re-enter the Property.

20. Trustee, as the Chapter 7 trustee of the Estate, hereby terminates the Lease based on Defendant's default thereunder.

## FIRST CLAIM FOR RELIEF

### (Turnover Under 11 U.S.C. § 542)

21. Trustee re-alleges and incorporates, by this reference thereto, each and every allegation set forth above as though fully set forth herein.

22. Defendant is in possession of the Property, which is property of the Estate pursuant to 11 U.S.C. § 541(a).

23. The Property may be sold by Trustee under 11 U.S.C. § 363.

24. Trustee is informed, believes, and thereon alleges that the Estate will realize approximately $200,000 to $250,000 from a sale of the Property. Therefore, it is of consequential value to the Estate.

25. Despite Trustee's efforts to address Defendant's failure to comply with the terms of the Rental Agreement, Defendant has failed to respond to Trustee.

26. Trustee is entitled to immediate turnover of the Property to 11 U.S.C. § 542.

WHEREFORE, Trustee respectfully requests entry of judgment requiring Defendant to immediately turn over the Property, and for such further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract)

27. Trustee re-alleges and incorporates, by this reference thereto, each and every allegation set forth above as though fully set forth herein.

28. The Rental Agreement required Defendant to pay $2,200 per month in rent in exchange for possession of the Property.

29. Defendant has failed to tender the July, September, and October, 2023 monthly rent payments for a total default of $5,800.

30. Despite Trustee's demands on Defendant that she cure the default by tendering the amount due under the Rental Agreement, she has failed to cure the default. Therefore, Defendant has breached the Rental Agreement.

31. Pursuant to Paragraphs 16 and 18 of the Rental Agreement, Trustee is entitled to recover all attorney fees and costs incurred by the Estate in enforcing the Rental Agreement.

WHEREFORE, Trustee respectfully requests entry of judgment in the amount of $6,600 plus $2,200 per month until Trustee obtains possession of the Property from Defendant, pre- and post-judgment interest, and attorney fees incurred in connection with this action, and for such further relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### (Unjust Enrichment)

32. Trustee re-alleges and incorporates, by this reference thereto, each and every allegation set forth above as though fully set forth herein.

33. Trustee is entitled to immediate turnover of the Property.

34. Defendant has been unjustly enriched by her occupation of the Property because she has failed to tender the July, September, and October 2023 rent in exchange for such occupation and continues to possess the Property.

35. Despite Trustee's efforts to address Defendant's failure to compensate the Estate for her occupation of the Property, Defendant has failed to respond to Trustee.

36. Trustee is informed, believes, and thereon alleges that the fair market rental value of the Property is $2,200 per month.

WHEREFORE, Trustee respectfully requests entry of judgment against Defendant in the amount of $6,600, plus an additional $2,200 per month until Trustee obtains possession of the Property, pre- and post-judgment interest, and for such further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Trustee prays for a judgment on this Complaint, as it may be amended from time to time, as follows:

1. For a judgment requiring Defendant to immediately turn over the Property to Trustee;
2. For entry of a judgment against Defendant in the amount of $6,600, plus an additional $2,200 per month from November 1, 2023 until Trustee obtains possession of the Property and pre- and post-judgment interest;
3. For recovery of interest, costs, and attorney fees and costs to the extent recoverable under the Rental Agreement, applicable law, and evidence submitted to the Court; and

4.  For such other and further relief as the Court deems just and proper.

Dated: October 26, 2023                MALCOLM ♦ CISNEROS, A Law Corporation

*/s/ Nathan F. Smith*
NATHAN F. SMITH
*Attorneys for Chapter 7 Trustee, Thomas H. Casey*

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> THOMAS H. CASEY, solely in his capacity as the chapter 7 trustee for the bankruptcy estate of Giang Thanh Dong and Mary Tran Nguyen | **DEFENDANTS** <br> JOANN TEMPLE, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> MALCOLM ♦ CISNEROS, A Law Corporation <br> 2112 Business Center Drive, Irvine, CA 92612 <br> Telephone: (949) 252-9400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> □ Debtor    □ U.S. Trustee/Bankruptcy Admin <br> □ Creditor    □ Other <br> ☒ Trustee | **PARTY** (Check One Box Only) <br> □ Debtor    □ U.S. Trustee/Bankruptcy Admin <br> □ Creditor    ☒ Other <br> □ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR: (1) TURNOVER; (2) BREACH OF CONTRACT; AND (3) UNJUST ENRICHMENT

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [1] 11-Recovery of money/property - §542 turnover of property
- [ ] 12-Recovery of money/property - §547 preference
- [2] 13-Recovery of money/property - §548 fraudulent transfer
- [3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- [ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- [ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- [ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- [ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- [ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- [ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- [ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- [ ] 61-Dischargeability - §523(a)(5), domestic support
- [ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
- [ ] 63-Dischargeability - §523(a)(8), student loan
- [ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- [ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- [ ] 71-Injunctive relief – imposition of stay
- [ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- [ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- [ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- [ ] 01-Determination of removed claim or cause

**Other**
- [ ] SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- [ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>GIANG THANH DONG and MARY TRAN NGUYEN | | BANKRUPTCY CASE NO. 8:23-bk-10014-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>Hon. Scott H. Clarkson |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Nathan F. Smith | | | |
| DATE<br>October 26, 2023 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Nathan F. Smith | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.